# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUENTIN J. HALTON, SR.
and DEAN G. WOOD,,

          **Plaintiffs,**

v.                                           Case No. 06-C-443

AMERICAN INTERNATIONAL
GROUP, INC., and
GRANITE STATE
INSURANCE COMPANY,

          **Defendants.**

# DECISION AND ORDER

Quentin Halton, Sr. ("Halton") and Dean Wood ("Wood") (collectively the "Plaintiffs") filed this proposed class action lawsuit asserting a violation of the Fair Credit Reporting Act ("FCRA"). Specifically, the Plaintiffs allege that American International Group, Inc. ("AIG Group") and Granite State Insurance Company ("Granite") (collectively the "Defendants") improperly accessed their credit reports in order to send them "prescreened," solicitation letters (hereinafter "Prescreened Letters") whose terms did not contain a "firm offer" of insurance, in violation of 15 U.S.C. § 1681b(c)(1)(B). The Plaintiffs' proposed class is limited to persons in Wisconsin who received the Prescreened

1

Letters. AIG Group filed a motion to transfer this action to the District of Delaware, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court will deny AIG Group's motion.

## BACKGROUND

The Plaintiffs in this action both reside within the Eastern District of Wisconsin. Halton lives in Milwaukee, Wisconsin. (Amended Compl. ¶ 4.) Wood lives in Cudahy, Wisconsin. (*Id.* at ¶ 5.) The complaint alleges that in October 2005, Halton received a Prescreened Letter from the Defendants, and in November 2005, Wood received a similar letter from the Defendants. (*Id*. at ¶¶ 8-9.) Both Prescreened Letters were delivered to Halton and Wood in the Eastern District of Wisconsin. (*Id.* at ¶ 3.) The Prescreened Letters indicated that the Defendants had accessed information from the Plaintiffs' credit report (*Id*. at ¶ 11), which the Plaintiffs allege violated the FCRA. (*Id*. at ¶¶ 23-27.)

AIG Group is a Delaware corporation. (Dixon Decl. ¶ 2.) AIG Marketing, Inc. ("AIG Marketing") is a subsidiary of AIG Group and conducts the prescreening process. (Manderlink Decl. ¶ 13.) AIG Marketing also is a Delaware corporation whose principal place of business is Wilmington, Delaware. (*Id*. at ¶ 14.) Granite is a corporation domiciled in Pennsylvania. (Amended Compl. ¶ 7.)

According to the Defendants, the employees of AIG Marketing are primarily responsible for drafting Prescreened Letters, determining the criteria for making prescreened offers of insurance, and interacting with consumer agencies. (Manderlink Decl. ¶ 17.) AIG

2

Marketing's legal department also reviews and approves Prescreened Letters prior to them being sent out to potential customers. (*Id*. at ¶ 18.) All of these employees work in Delaware. (*Id*. at ¶¶ 17-18.) As a result, most of the documents concerning this lawsuit, such as documents concerning the drafting of the Prescreened Letters, compliance reviews, criteria for prescreened mailings, prescreened lists, and material relating to consumer reporting agencies are also all located in Delaware. (*Id*. at ¶ 20.) In addition, the representatives of AIG Marketing who answer phone calls from those responding to the Prescreened Letters are located in Pennsylvania, New York, Florida, and Arizona. (*Id*. at ¶ 19.)

On April 6, 2006, the Plaintiffs filed this action alleging that AIG Group violated the FCRA by accessing their credit reports without making a firm offer of insurance. On July 20, 2006, the Plaintiffs amended their complaint to add Granite as a party, and to limit the proposed class only to those who received the Prescreened Letters in Wisconsin.

**DISCUSSION**

AIG Group moves the Court to transfer this matter to the District of Delaware pursuant to 28 U.S.C. § 1404(a). The principles governing such motions are well-established. "The decision to transfer venue is committed to the broad discretion of the district court." *L.B. Sales Corp. v. Dial Mfg., Inc.*, 593 F.Supp. 290, 295 (E.D. Wis. 1984). The party requesting the transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). A plaintiff's choice of forum "is entitled

great weight and will not be disturbed except upon a clear-cut showing that convenience and justice for all parties demands that the litigation proceed elsewhere." *Generac Corp. v. Omni Energy Systems, Inc.*, 19 F. Supp.2d 917, 922 (E.D. Wis. 1998) (quoting *Eastern Refractories v. Forty Eight Insulations*, 668 F.Supp. 183, 187 (S.D.N.Y. 1987)). The Court may transfer a case where (1) venue is proper in both the transferor and transferee forum; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Generac*, 19 F. Supp.2d at 922-23.

The parties concede that the action could have been brought in the District of Delaware. As for the convenience of the parties and witnesses, AIG Group argues that most of the witnesses in this action are located in Delaware. AIG Marketing, which does most of the relevant prescreening and sends the Prescreened Letters, have employees located almost exclusively in Delaware. The only potential witnesses that reside in Wisconsin are the Plaintiffs, and all they would potentially testify about is that they received the Solicitation Letters, which is a fact that likely would be stipulated. The Defendants also argue that most, if not all, of the relevant documents are located in Delaware, and other than the Solicitation Letters themselves, no relevant documents are located in Wisconsin.

Despite the fact that most of the potential witnesses and relevant documents are located in Delaware, the Court will not transfer this case to the District of Delaware. Much of the proof in this case will be documentary, and documents are easily copied and transferred to either forum. *See id.* at 923. While it is true that some witnesses may have to

4

travel to Wisconsin for the trial, the Plaintiffs would be similarly inconvenienced if the trial were held in Delaware. It is well-established that a "transfer should not be granted when to do so would merely shift, rather than eliminate, the inconvenience of the parties." *Ellis Corp. v. Team Textile Corp.*, 574 F.Supp. 170, 173 (N.D. Ill. 1983).

The Court must give great deference to the Plaintiffs' choice of forum. AIG Group has not met its burden of providing a "clear-cut showing" that the convenience and justice of all the parties would be better served if this litigation were to proceed in Delaware. *See Generac*, 19 F. Supp.2d. at 922. Accordingly, the Court denies AIG Group's motion to transfer.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

AIG Group's Motion to Transfer (Docket No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of December, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**